20-4102-cr
United States v. Sisnero-Gil

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of February, two thousand twenty-two.

PRESENT:  PIERRE N. LEVAL,
          RAYMOND J. LOHIER, JR.,
          BETH ROBINSON,
                  *Circuit Judges*.

------------------------------------------------------------------

UNITED STATES OF AMERICA,

        *Appellee*,

        v.                                No. 20-4102-cr

MARLON SISNERO-GIL,

        *Defendant-Appellant*.\*

------------------------------------------------------------------

---

\* The Clerk of Court is directed to amend the caption as set forth above.

FOR DEFENDANT-APPELLANT: Robin Christine Smith, Law Office of Robin C. Smith, Esq., P.C., San Rafael, CA

FOR APPELLEE: Stephanie L. Lake, Danielle R. Sassoon, Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY

Appeal from a judgment of the United States District Court for the Southern District of New York (Richard J. Sullivan, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Marlon Sisnero-Gil appeals from a November 18, 2020 judgment of conviction by the United States District Court for the Southern District of New York (Sullivan, J.) sentencing him principally to a term of 180 months' imprisonment. On appeal, Sisnero-Gil challenges the substantive reasonableness of his sentence. We assume the parties' familiarity with the underlying facts and record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

2

Sisnero-Gil was charged in a three-count superseding indictment with distributing and conspiring to distribute cocaine, in violation of 21 U.S.C. §§ 84l(b)(l)(A), 84l(b)(l)(B), and 846, and failing to appear after being released on bail, in violation of 18 U.S.C. §§ 3146(a)(1) and (b)(1)(A)(i). Sisnero-Gil pleaded guilty to all three counts pursuant to a plea agreement that included a provision in which he waived the right to appeal any sentence within or below a stipulated Guidelines range of 121 to 151 months (the "Stipulated Guidelines Range"). In calculating that range, the parties agreed that Sisnero-Gil was entitled to a two-level reduction in his offense level, thus reducing his offense level from 34 to 32, because he appeared to meet the safety valve criteria set forth in 18 U.S.C. § 3553(f) and § 5C1.2(a) of the Guidelines. The District Court later determined, however, that Sisnero-Gil was not in fact entitled to safety-valve relief and that the correct Guidelines range was 151 to 188 months. The District Court thereafter sentenced Sisnero-Gil principally to a term of 180 months' imprisonment.

We first note that Sisnero-Gil claims only that his sentence is substantively unreasonable; he makes no argument about the procedural reasonableness of his

3

sentence. We review the substantive reasonableness of a sentence for abuse of discretion, see Gall v. United States, 552 U.S. 38, 41, 51 (2007), understanding that district courts enjoy "very wide latitude" in sentencing, and we will conclude that a sentence is substantively unreasonable only if it "cannot be located within the range of permissible decisions," United States v. Cavera, 550 F.3d 180, 188–89 (2d Cir. 2008) (quotation marks omitted).

As an initial matter, Sisnero-Gil claims that the District Court was bound to impose a sentence within the Stipulated Guidelines Range. We are not persuaded. The District Court determined that the correct applicable Guidelines range was 151 to 188 months because it found that Sisnero-Gil was not eligible for safety-valve relief. On appeal, Sisnero-Gil does not challenge this finding or claim that the District Court's Guidelines range determination was procedurally unreasonable. And both in his plea agreement and at his allocution, Sisnero-Gil acknowledged that the District Court was not "bound by the . . . Guidelines stipulation, either as to questions of fact or as to the determination of the proper Guidelines." Add. 4; see App'x 62–63.

Sisnero-Gil also contends that the District Court placed disproportionate

weight on his failure to appear and failed to adequately consider mitigating evidence. Contrary to Sisnero-Gil's claim that the District Court "abandon[ed] [this] obligation to consider . . . crucial sentencing factors," Def.'s Br. 17, the District Court considered the § 3553(a) factors and various mitigating circumstances, including his employment, family circumstances, the non-violent nature of his offense, and the allegation that his attorney advised him to flee. It is true that, in assessing the seriousness of Sisnero-Gil's offenses and the need to promote respect for the law, the District Court afforded particular weight to the fact that he failed to appear in court and lied to law enforcement officers. But "[t]he particular weight to be afforded aggravating and mitigating factors is a matter firmly committed to the discretion of the sentencing judge," United States v. Broxmeyer, 699 F.3d 265, 289 (2d Cir. 2012), and this Court generally does "not second guess the weight (or lack thereof) that the judge accorded to a given factor," United States v. Pope, 554 F.3d 240, 247 (2d Cir. 2009). Here, the District Court acted well within its discretion in affording the most sentencing weight to the fact that Sisnero-Gil fled before trial and lied to federal agents.

Finally, Sisnero-Gil argues that his sentence created an unwarranted

disparity between him and one of his co-defendants. But § 3553(a)'s instruction to "avoid unwarranted sentence disparities" refers to nationwide disparities; sentencing judges are not required to consider sentencing disparities between co-defendants. United States v. Frias, 521 F.3d 229, 236 (2d Cir. 2008) (quotation marks omitted). Regardless, Sisnero-Gil's co-defendant's eligibility for safety-valve relief, among other factors in the record, reasonably explains the different sentences imposed. See United States v. Ebbers, 458 F.3d 110, 129 (2d Cir. 2006).

In sum, we conclude that the District Court's sentence fell within the range of permissible decisions and reject Sisnero-Gil's claim that it was substantively unreasonable.

We have considered Sisnero-Gil's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6